**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| RUDOLFO ALCANTAR,<br><br>              Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN, Warden,<br><br>              Respondent. | Case No. CV 20-09718-FWS(AS)<br><br>**ORDER ACCEPTING FINDINGS,****CONCLUSIONS AND****RECOMMENDATIONS OF UNITED****STATES MAGISTRTE JUDGE** |

**I.   Introduction**

Before the Court is a Petition for Writ Of Habeas Corpus by a Person in State Custody [1] ("Petition") filed by Petitioner Rudolfo Alcantar ("Petitioner"). Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, the records of the case, and the Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**II.   Analysis**

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.; see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge.  Fed. R. Civ. P. 72(b)(2).  Where no objection has been made, arguments challenging a finding are deemed waived.  *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

In this case, Petitioner makes the following objections to the Report and Recommendation and asserts that each objection entitles Petitioner to relief: (1) the joinder of charges was improper; (2) the improper admission of hearsay testimony was error in that it was not harmless beyond a reasonable doubt; (3) Petitioner is entitled to relief vis-a-vis the carjacking special

circumstance; and (4) cumulative errors here rise to the level of a constitutional violation (collectively, "Objections"). (Dkt. 55.) The Court finds the substance of the each of the Objections was previously argued in the Petition and Petitioner's Reply ("Reply"). (*See* Dkts. 1, 51.) The Court further finds the substance of the each of the Objections was previously analyzed and addressed by the Magistrate Judge in the Report and Recommendation. (*See* Dkt. 54.)

"Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021); *see also Fix v. Hartford Life & Accident Ins. Co.*, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (finding that where a party "essentially recycles her previous arguments in an attempt to relitgate her case" in objecting to a R&R, it results in a "failure to specify her objections in accordance with Rule 72, [and] the Court is permitted to overrule the objections without analysis"). Moreover, "[i]t is well settled that an objecting party may not 'submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.'" *Espaillat v. Saul*, 2020 WL 5087030, at *2 (S.D. Fla. Aug. 28, 2020) (citations omitted). "'Clearly, parties are not to be afforded a second bite at the apple when they file objections to a [Report].'" *Id.* (citations omitted); *see also Johnson v. Comm'r of Soc. Sec.*, 2022 WL 3598293, at *1 (M.D. Fla. Aug. 23, 2022)("[P]arties are not to be

afforded a second bite at the apple when they file objections to a Report") (citation omitted).  Therefore, because the Court concludes that the Objections "relitigate the same arguments carefully considered and rejected by the Magistrate Judge", *Chith*, 2021 WL 4744596, at *1, the Objections are **OVERRULED**.

Nonetheless, even when the Court conducts a *de novo* review of the issues presented in the Objections on their merits, the Court agrees with each of the findings of fact and conclusions of law set forth in the well-reasoned Report and Recommendation, including the findings of facts and conclusions of law related to the Objections.  Thus, for argument's sake, even if the Objections were properly made, they are each **OVERRULED** on their merits.

**III. Conclusion**

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.  Accordingly,

**IT IS ORDERED** that Judgment be entered denying the Petition and dismissing this action with prejudice.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 28, 2022

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE